## TODD v. RENNICK.
## RENNICK v. SAME.

LOST WILL — WHAT PROOF NECESSARY TO ENTITLE SAME TO PROBATE.— Under General Statutes, chapter 115, section 21, to entitle the contents of a lost or destroyed will to probate and record, the execution of the will must be established as in other cases,— the will must be shown to have been in existence at the time of the death of the testator, and the will as an entirety must be established by the united testimony of at least two witnesses going to each and every part.

*Error to District Court of Arapahoe County.*

Mr. H. C. DILLON and Messrs. BROWNE & PUTNAM, for plaintiff in error.

Mr. L. P. MARSH, for defendant in error.

REED, C.   These two cases were consolidated for final hearing by an order of this court.   In the former, on the 9th day of January, 1885, defendant in error filed in this court a motion to dismiss this cause for reasons assigned; also to strike from the supposed record all the testimony taken in such case in the county court.   On the 10th day of February, 1885, an order was made striking out all testimony and overruling the motion to dismiss the writ. The cause was not remanded, and no testimony taken. It is hardly necessary to say that, there being no proof to establish the supposed will as required by statute, the judgment denying the probate must be affirmed for this cause alone, and further consideration of the case is not needed.

By the record in the second case it appears that in the month of July, 1882, Atwell Rennick made, duly executed and published his last will and testament, disposing of his entire estate, real and personal.   On the 24th day of February, 1884, he died at his place of residence in the city of Denver, leaving a widow, Bettie A. D. (contestant), but no children.   After his death the will could not be found.   The envelope which was supposed to contain the will, sealed, stamped and directed to the brother, Henry S. Rennick, on being opened was found to contain no will, but bore evidence of having been opened and resealed.   There was no evidence to show by whom or at what time the will had been taken from it, if it had ever contained it.   The tin box or trunk wherein the package had been kept was in the possession of the deceased to the time of his death, the key to the same also remaining in his possession.   Henry S. Rennick was shown to

have been a devisee under the will to the extent of one-fourth of the estate. He also claimed to be an executor, either sole or jointly with others. The will having been lost or destroyed, he attempted to make proof of its execution and contents, and have it admitted to probate as a lost will, under section 21, chapter 115, General Statutes, which is as follows: "Whenever any will shall have been lost or destroyed, and the fact of the execution thereof can be established as hereinbefore provided, and the contents thereof are likewise shown by the testimony of two or more witnesses, the county court may admit the same to probate and record as in other cases: Provided, that in every such case the order admitting such will to probate shall set forth the contents of the will at length, and the names of the witnesses by whom the same was proven, and such order shall be recorded in the records of wills: And provided further, that no will shall be admitted to probate upon proof of the contents thereof unless it shall be proven that the same was in existence at the time of the death of the testator."

The court, after hearing the testimony, refused probate of the supposed will, and the matter was brought by writ of error to this court for review; the refusal of the court to admit the will to probate being assigned for error. It will be observed on examination of the statute that in order to have a lost will admitted to probate it is necessary, *first*, to make proof of the execution of the will as in other cases; *second*, to make proof of the contents of the will by the testimony of two or more witnesses; and it is provided that the order admitting such will to probate shall set forth the contents of the will at length; "and provided, further, that no will shall be admitted to probate upon proof of the contents thereof, unless it shall be proven that the same was in existence at the time of the death of the testator." The making and execution of the will was satisfactorily proved. No question is raised on this proposition. Taking the second

proposition in connection with the first proviso, and it is evident that, to make the proof necessary to allow probate, both witnesses must testify as to the contents, and the entire contents, of the will, so that the instrument can be substantially reproduced in writing, and, when so reproduced, written at length in the order admitting it to probate. It follows that the whole will, as an entirety, must be established by the united testimony of at least two witnesses, going to each and every part. If this construction is not adopted, and a lost will could be reconstructed by the testimony of one witness testifying to one portion, and another to another portion, a will could be created by less testimony than is required to establish the execution of an existing will when offered for probate, which could not have been the intention of the legislature.

The evidence introduced was insufficient to establish the contents of the lost will. There were three or four witnesses sworn, no two of whom agreed as to all the devisees, nor as to who were the executors. The court was warranted in finding that the contents had not been proved so as to enable the will to be substantially reconstructed and admitted to probate. There was also fatal lack of proof of the existence of the will at the time of the death of the supposed testator. Judge Marsh, who drew the will and attended to its execution, does not testify to having seen it after it was completed. Henry S. Rennick never saw it; only knew of it by statements made to him by his brother. Boswell never saw it. The widow had not seen it since December, 1882, or January, 1883. There was an absolute want of proof of the existence of a will at the time of the death; hence the court was warranted in refusing to admit the supposed lost will to probate, and the judgment should be affirmed.

RICHMOND and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgments of the court below are affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT, having presided at the trial below, did not participate in this decision.